# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| RACHEL YBARRA, as Special Administrator of the Estate of RAFAEL CRUZ, deceased, <br>     Plaintiff, <br><br> vs. <br><br> CITY OF CHICAGO, an Illinois municipal corporation, FRANCIS A. VALADEZ, and MONICA REYES, <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | No. 16-CV-8009 <br><br> Judge <br><br> <u>Jury</u> <u>Demanded</u> |

## COMPLAINT

NOW COMES the plaintiff, Rachel Ybarra, Special Administrator of the Estate of Rafael Cruz, deceased, by her attorneys, Richard R. Mottweiler, Mark F. Smolens, and Nicole L. Barkowski, Mottweiler & Smolens, LLP, and as her complaint against the defendants, states the following:

### Jurisdiction and Venue

1.    This action seeks damages under federal law, Title 42 U.S.C. §1983, for defendants' actions which violated plaintiff's decedent's rights under the Fourth and Fourteenth Amendments to the United States Constitution. This action also seeks damages for wrongful death claim arising under Illinois law.

2.    The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. Sections 1331 and 1343 and this Court's supplemental jurisdiction under Title 28 U.S.C. Section 1367. Venue in this District is predicated upon Title 28 U.S.C. Section 1391(b) as all

events giving rise to the claims asserted herein took place within this Northern District of Illinois.

## Parties

3. Plaintiff, Rachel Ybarra, brings this action as the Special Administrator of the Estate of Rafael Cruz (hereinafter "Cruz"), deceased. Rachel Ybarra is the mother of Rafael Cruz.

4. Rafael Cruz was a resident of the City of Chicago, County of Cook, State of Illinois, in this District. Rafael Cruz died as a result of the injuries he sustained at the hands of defendants on August 29, 2015.

5. Defendant City of Chicago (hereinafter "City") is an Illinois municipal corporation which is located within the confines of Cook County, Illinois.

6. Defendant, Francis A. Valadez ("Valadez"), was at all times pertinent hereto an officer with the rank of commander for the Chicago Police Department, acting at all times pertinent hereto within the course and scope of his employment.

7. Defendant, Monica Reyes ("Reyes"), was at all times pertinent hereto an officer with the rank of patrol officer for the Chicago Police Department, acting at all times pertinent hereto within the course and scope of her employment.

**Events at Issue**

8. During the early morning hours of August 29, 2015, plaintiff's decedent, Rafael Cruz, was driving a vehicle in which three of his friends were passengers.

9. In the area of 23rd Street and Wood in the City of Chicago, the vehicle which Rafael Cruz was driving was involved in an altercation with another vehicle, the occupants of which were unknown to the decedent and his friends.

10. That altercation was apparently observed, at least in part, by an unmarked City of Chicago police vehicle occupied by two police officers in civilian attire, defendants Valadez and Reyes.

11. Although the unmarked police vehicle thereafter began a pursuit of the vehicle driven by Rafael Cruz, no emergency lights, sirens, or horns identifying the unmarked vehicle as a police vehicle were ever activated or employed during that pursuit.

12. The occupants of the Cruz vehicle, including plaintiff's decedent and his fried, Jose Cabello, fearing that the dark colored vehicle which was pursuing them was in some manner related to or involved with the vehicle with whom they had just had an altercation, attempted to flee.

13. As the Cruz vehicle turned westbound onto 19th Street off of Ashland, there was a collision with a parked vehicle located on the north side of the street.

14. As the decedent's vehicle then continued westbound, the Cruz vehicle stopped, and went into reverse, striking the unmarked police vehicle behind it at a slow rate of speed.

15. Continuing the attempt to elude the potential assailants in the vehicle behind them, and still without any knowledge that its occupants were in fact police officers, the decedent's vehicle then made a left turn into the parking lot of the church known as the Dominican Order, Province of St. Albert the Great.

16. At that time the individual defendants Valadez and Reyes, without pulling their unmarked vehicle into a cover position which would have blocked the only entrance/exit to this parking lot, exited their vehicle and entered into the parking lot on foot.

17. The decedent's vehicle turned around in the lot, and proceeded in the direction of the exit.

18. At no time did the decedent's vehicle ever make a move in that parking lot in the direction of either of the individual defendant officers, both of whom had entered the lot on foot, a fact evidenced by the church's security video.

19. From their separate vantage points in the parking lot, neither of which was at any time in the path of or in any way threatened by the decedent's vehicle, the two individual defendants opened fire on that vehicle.

20. At no time while they were out of their squad cars were either of the individual defendants, Valadez or Reyes, ever in danger of being struck by the decedent's vehicle.

21. It is against the policies and procedures of the Chicago Police Department for its officers to discharge their weapons at or into a moving vehicle when the vehicle is the only force potentially being used against those officers.

22. At least one of the bullets fired by the individual defendants struck the driver, Rafael Cruz, who died shortly thereafter.

## COUNT I
## EXCESSIVE FORCE (Individual defendants) - 42 U.S.C. § 1983

23. Plaintiff re-alleges and incorporates paragraphs one through twenty-two, above, as if fully restated herein as this paragraph twenty-three.

24. At all times relevant hereto, plaintiff's decedent had the right to be from injury from unreasonable, malicious, excessive force from state actors such as defendants, as protected by the Fourth and Fourteenth Amendments to the Constitution of the United States.

25. As described above, defendants Valadez and Reyes violated the plaintiff's decedent's right to be free from unreasonable, malicious, excessive force when he/they shot Rafael Cruz causing multiple gunshot wounds which proximately caused his death.

26. As result of defendants' concerted, unjustified and excessive use of force, Rafael Cruz suffered injuries, pain and injury, as well as severe emotional distress during the last moments of his life.

27. The misconduct described in this Count I was objectively unreasonable and was undertaken intentionally with willful deliberate indifference to Cruz's constitutional rights.

28. The misconduct described in this Count I was undertaken with malice, willfulness, and reckless indifference to the rights of others.

## COUNT II
## WRONGFUL DEATH - STATE LAW

29. Plaintiff restates and incorporates by reference as if fully set forth herein paragraphs one through twenty-eight, above, as and for this paragraph twenty-nine.

30. At the aforesaid place and time, the City of Chicago, by its agents and employees, including but not limited to the individually named defendants Valadez and Reyes, was under a duty to avoid willful and wanton misconduct while conducting police activities.

31. At all times relevant, it was the duty of the City, by and through its duly authorized agents, servants, and/or employee police officers, to refrain from conduct exhibiting a reckless or conscious disregard for the safety of others, including the plaintiff's decedent, Rafael Cruz.

32. Moreover, at the aforesaid time and place, the City, by its agents and employees, was under a duty to comply with and conduct itself in accordance with accepted and established police procedures and policies and the Chicago Police Department's General and Special Orders.

33. Notwithstanding these duties, the City, by its authorized agents, servants, and/or employee police officers committed one or more of the following willful and wanton acts and/or omissions:

 a. Used deadly force against Rafael Cruz under circumstances in which Cruz presented no threat of death or serious bodily harm to the police officers or any other individual;

 b. Discharged a firearm at Rafael Cruz under circumstances in which Cruz presented no threat of death or serious bodily harm to the police officers or any other individual;

 c. Discharged a firearm at Rafael Cruz when Cruz was unarmed and driving a vehicle away from the officers;

 d. Discharged a firearm at Rafael Cruz when the individual defendant police officers knew or should have known that the vehicle being operated by

Cruz was no threat to them, in violation of their Department's Use of Force policy;

e. Recklessly and intentionally discharged a firearm at Rafael Cruz knowing that it would cause Cruz's death or serious bodily injury;

f. Despite having the capacity to track patterns of behavior by its officers, failed to proactively use that capacity so as to preclude defendants Valadez and Reyes from wrongfully causing the death of the plaintiff's decedent

g. Allowed Valadez and Reyes, in conjunction with other employees and supervisory personnel of the Police Department, to participate in an orchestrated plan or scheme to cover up or conceal the misconduct of the individual defendant officers in taking the life of the plaintiff's decedent without any lawful justification whatsoever, by *inter alia* making false and misleading public misstatements about the conduct of the plaintiff's decedent prior to his death at the hands of the individual defendant officers.

34. That the aforesaid acts were committed occurred with reckless disregard for the safety of others, including but not limited to plaintiff's decedent Rafael Cruz, and constituted willful and wanton conduct.

35. As described in the preceding paragraphs, the conduct of defendants Valadez and Reyes, acting within the scope of their employment, constituted unjustified and offensive physical contact, was undertaken willfully and wantonly, and proximately caused injury and death to Rafael Cruz.

36. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights and safety of others, including Rafael Cruz.

37. As a direct and proximate result of one or more of the above-stated willful and wanton acts and/or omissions, Rafael Cruz was shot, and died shortly thereafter.

38. The misconduct described in this Count was undertaken by defendants Valadez and Reyes within the scope of their employment such that their employer, the City, is liable for their actions.

39. As a direct and proximate result of the death of Cruz, his mother, plaintiff Rachel Ybarra, and the heirs of Rafael Cruz's estate, his four minor children, have and will continue to suffer great loss of a personal and pecuniary nature, and have been and will continue to be deprived of the society, companionship, friendship, comfort, guidance, love and affection of their son and father.

WHEREFORE, plaintiff Rachel Ybarra, as Special Administrator of the Estate of Rafael Cruz, deceased, respectfully requests that judgment be entered in her favor for compensatory damages against all of the named defendants, for punitive damages against defendants Valadez and Reyes, and that she be awarded her costs and a reasonable attorney's fee pursuant to the provisions of Title 42 U.S.C. § 1988, in addition to any other relief from this Court deemed just and proper.

    /s/ Mark F. Smolens
    Attorney for Plaintiff

**MARK F. SMOLENS**
**RICHARD R. MOTTWEILER**
**NICOLE L. BARKOWSKI**
**MOTTWEILER & SMOLENS, LLP**
**1627 West Colonial Parkway**
**Suite 301**
**Inverness, IL 60067**
**(773) 580-4982**
**ryansmolensjones@hotmail.com**